**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE SLEVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>J.C. PENNEY CORPORATION, INC.,<br>et al.<br><br>    Defendants. | CIVIL ACTION NO. 12-4541 (MLC)<br><br>**O P I N I O N** |

**THE PLAINTIFF**, Stephanie Slevin, originally brought the action in state court against the defendant J.C. Penney Corporation, Inc. ("JCP"). (See generally dkt. entry no. 1-1, Compl.)[1]  JCP removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). (See dkt. entry no. 1, Notice of Removal at ¶¶ 5-6, 8-9.) JCP properly invoked this Court's diversity jurisdiction, as complete diversity existed between Slevin and JCP; when the Complaint was filed in state court, Slevin was a citizen of New Jersey and JCP was deemed a citizen of both Delaware and Texas. (See id. at ¶¶ 5-6.)

**SLEVIN**, after removal, indicated her intent to join additional defendants whose joinder would destroy subject matter jurisdiction.

---

[1] Slevin also brought the action against several fictional defendants. (See generally Compl.)  But that is not immediately relevant.

(See dkt. entry no. 3, 7-31-12 Letter from Slevin to the Court at 1.)  The Court informed Slevin that she "was free to move before the Magistrate Judge for leave to amend the Complaint when appropriate."  (Dkt. entry no. 4, 8-16-12 Notice at 2.)

**SLEVIN** subsequently obtained consent from JCP and leave from the Magistrate Judge to file an Amended Complaint, which was docketed on February 7, 2013.  (See generally dkt. entry no. 6, 2-7-13 Consent Order; dkt. entry no. 7, Am. Compl.)  The Amended Complaint names three new defendants: USI Services Group Inc. ("USI"), Ocean County Mall, Inc. ("OCMI"), and Simon Property Group, Inc. ("Simon").  (See Am. Compl. at ¶¶ 2-4.)  As alleged in the Amended Complaint, USI and OCMI are deemed citizens of New Jersey, and Simon is deemed a citizen of Indiana.  (See id.)[2]

**IT APPEARS** that there is a general principle that jurisdiction is determined at the time the suit is filed.  See Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004); Kabakjian v. United States, 267 F.3d 208, 212 (3d Cir. 2001).  But this principle is subject to at least one notable exception.  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or

---

[2] It appears from the Court's independent research on Westlaw that Simon should also be deemed a citizen of Delaware, as it is incorporated in that state.  See 28 U.S.C. § 1332(c)(1).

2

permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (emphasis added).

**SLEVIN** has destroyed this Court's jurisdiction over the action, as complete diversity no longer exists between the plaintiff and all of the defendants.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant); Kabakjian, 267 F.3d at 212 (noting application of 28 U.S.C. § 1447(e) to post-removal proceedings).  The Court will thus, for good cause appearing, enter a separate order and judgment, remanding the action to state court.  See 28 U.S.C. § 1447(e).

                                          s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Date:     March 8, 2013